FILED
OCT 28 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:26 CR 00487 |
| MYRON CAGE, DWAYNE STEVENS, | ) | Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii), (b)(1)(C), and 846; Title 18, United States Code, Sections 371 and 2; Title 7, United States Code, Section 2024 |
| Defendants. | ) | |

JUDGE HENDERSHOT

GENERAL ALLEGATIONS

1. At all times material to this Indictment:

A. Defendant MYRON CAGE owned and operated the Union Corner Store located in Cleveland, Ohio. CAGE was not a beneficiary of the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program, but the Union Corner Store was an authorized retailer beginning in 2020.

B. The Food and Nutrition Administration ("FNA"), an agency within the United States Department of Agriculture ("USDA") administered the SNAP program, which provided financial assistance to qualifying individuals and families for use at authorized retail food stores. Food stamp or SNAP benefits could lawfully be used only to purchase eligible food items, and are accepted only by authorized stores at the time of such purchase of eligible food items. SNAP benefits could not lawfully be accepted in exchange for payment for ineligible items, items sold on credit, or loans. SNAP recipients are not authorized to sell, trade, or use their benefits other than to purchase eligible food items.

C. During the authorization process, retailers who participate in SNAP are informed of the prohibitions against accepting SNAP benefits for anything other than eligible food items. They are also notified of the sanctions for prohibited activities including criminal prosecution. When participating in SNAP, authorized grocery retailers agree to be held liable for all actions of their employees regarding the federal regulations governing SNAP, including illegal acts of fraud relating to SNAP.

D. In the State of Ohio, SNAP is administered by the Ohio Department of Job and Family Services ("ODJFS"). In 2001, FNS replaced the original Food Stamp paper coupon system with the present-day Electronic Benefit Transfer ("EBT") card system. In Ohio, the SNAP EBT access device is called the Ohio Direction Card. These SNAP EBT cards are similar in nature to commercial debit cards.

E. For Ohio SNAP recipients to access their electronic benefits to purchase food, they are required to present their SNAP card to a USDA-FNS authorized retailer and enter a personal identification number ("PIN").

<u>COUNT 1</u>

(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii), and (b)(1)(B)(iii))

The Grand Jury charges:

2. From on or about February 7, 2022, until on or about September 8, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally combine, conspire, confederate, and agree together and with diverse others known and unknown to the Grand Jury, to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 28 grams or more of a mixture and substance

containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(B)(ii), and (b)(1)(B)(iii).

COUNT 2
(Possession of Cocaine with Intent to Distribute,
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii))

The Grand Jury further charges:

3. On or about September 8, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

COUNT 3
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

4. On or about February 7, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 4
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

5. On or about March 22, 2022, in the Northern District of Ohio, Eastern Division, Defendant MYRON CAGE did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 5
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

6. On or about June 8, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 6
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

7. On or about June 14, 2022, in the Northern District of Ohio, Eastern Division, Defendant DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 7
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

8. On or about June 21, 2022, in the Northern District of Ohio, Eastern Division, Defendant DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 8
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

9. On or about June 30, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 9
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

10. On or about July 13, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 10
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

11. On or about July 19, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 11
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

12. On or about August 17, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 12
(Distribution of Cocaine Base,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

13. On or about August 23, 2022, in the Northern District of Ohio, Eastern Division, Defendants MYRON CAGE and DWAYNE STEVENS did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 13
(Conspiracy to Commit Offense,
18 U.S.C. § 371)

The Grand Jury further charges:

14. The factual allegations contained in paragraphs 1 through 13 of this Indictment are incorporated by reference as if stated fully herein.

The Conspiracy to Defraud

15. From on or about February 7, 2022, to on or about August 17, 2022, in the Northern District of Ohio, Defendants MYRON CAGE and DWAYNE STEVENS, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other to commit offenses against the United States, that is, the fraudulent acquisition of SNAP benefits of a value of $100 or more to which neither they, nor the Union Corner Store, were entitled, in violation of Title 7, United States Code, 2024.

The Objects and Purposes of the Conspiracy

16. The objects and purposes of the conspiracy included, but were not limited to, obtaining money and unjustly enriching Defendants by defrauding a federal program intended to provide food for the poor.

Manner and Means of the Conspiracy

17. It was part of the conspiracy that:

A. MYRON CAGE exchanged cash and drugs for SNAP benefits from an individual in excess of the cash amount given.

B. DWAYNE STEVENS provided drugs to the individual on multiple occasions as part of the conspirators' unlawful acquisition SNAP benefits.

Overt Acts in Furtherance of the Conspiracy

18. In furtherance of the conspiracy, and to accomplish the objects and purposes, members of the conspiracy committed and caused to be committed, in the Northern District of Ohio, the following overt acts, among others:

A. On or about February 7, 2022, through February 9, 2022, MYRON CAGE and DWAYNE STEVENS unlawfully exchanged $50 in United States currency and 1.6 grams of cocaine base for a SNAP card with a balance of $500.

B. On or about March 22, 2022, through March 23, 2022, MYRON CAGE and DWAYNE STEVENS unlawfully exchanged $75 in United States currency and approximately 1 gram of cocaine base for a SNAP card with a balance of $450.

C. On or about June 8, 2022, MYRON CAGE and DWAYNE STEVENS unlawfully exchanged $50 in United States currency and approximately 1 gram of cocaine base for a SNAP card with a balance of $499.72.

D. On or about July 13 through July 19, 2022, MYRON CAGE and DWAYNE STEVENS unlawfully exchanged $50 in United States currency and 2.2 grams of cocaine base for a SNAP card with a balance of $500.53.

E. On or about August 17, 2022, MYRON CAGE and DWAYNE STEVENS unlawfully exchanged $50 in United States currency and 2.7 grams of cocaine base for a SNAP card with a balance of $495.04.

All in violation of Title 18, United States Code, Section 371.

COUNT 14
(Unlawful Acquisition of SNAP Benefits,
7 U.S.C. § 2024; 18 U.S.C. § 2))

The Grand Jury further charges:

19. From on or about February 7, 2022, to on or about August 17, 2022, in the Northern District of Ohio, Defendants MYRON CAGE and DWAYNE STEVENS knowingly acquired SNAP cards and the SNAP benefits contained on those cards of a value of $100 and more in a manner not authorized by Title 7, United States Code, Chapter 51, in that they acquired SNAP cards containing benefits in exchange for U.S. currency and illegal drugs, in violation of Title 7, United States Code, Section 2024, and Title 18, United States Code, Section 2.

FORFEITURE

The Grand Jury further charges:

20. The allegations contained in Counts 1 through 14 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). As a result of the foregoing offenses, Defendants MYRON CAGE and DWAYNE STEVENS shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of the offenses charged in Counts 1 through 12; any and all of their property used, or intended to be used, in any manner or part, to commit or to facilitate the

commission of the offenses charged in Counts 1 through 12; and any property real or personal, which constitutes or is derived from proceeds traceable the offenses charged in Count 13 and 14.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.